UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SYED RIZVI,

          Petitioner,

   v.                                                   Case No. 20-cv-1768-bhl

RANDALL HEPP,

          Respondent.

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS

      On December 2, 2020, Syed Rizvi, a state prisoner incarcerated at the Waupun Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On December 4, 2020, Rizvi filed a motion to stay his habeas petition while he attempts to exhaust state-court remedies with respect to some of his claims. (ECF No. 3.) Rizvi's request will be granted.

      A petitioner seeking a federal writ of habeas corpus must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). District courts may, however, stay a habeas petition and hold it in abeyance while the petitioner seeks to exhaust state-court remedies with respect to claims not raised in the original petition. *See Rhines v. Weber*, 544 U.S. 269, 274-76 (2005). This stay-and-abeyance method is used to ensure that the strict one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 does not expire pending exhaustion of claims in state court. *See id*. at 274-77 (citing 28 U.S.C. § 2244(d)); *see also Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). However, because "[s]tay and abeyance, if employed too frequently, has the potential to undermine [the purposes of AEDPA, it] should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. District courts should grant a request to stay a federal habeas petition and hold it in abeyance only when (1) there is "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are "potentially meritorious"; and (3) the petitioner did not engage in "intentionally dilatory litigation tactics." *Id*. at 277-78.

Rizvi was convicted in Milwaukee County Circuit Court of first degree reckless injury and aggravated battery on June 17, 2016. (ECF No. 1 at 1-2.) He was sentenced to 15 years of incarceration and six years of extended supervision. (ECF No. 1 at 1.) The Wisconsin Court of Appeal rejected his arguments on direct appeal on May 23, 2019 and the Wisconsin Supreme Court denied review on September 3, 2019. (ECF No. 1 at 2-3.)

Rizvi seeks a stay of his federal habeas proceeding so that he can exhaust two of the grounds raised in his petition. (ECF No. 3.) Rizvi explains that his counsel is still in the process of reviewing the file, conducting an investigation, and consulting with his client. (*Id.*) Counsel anticipated filing a motion to exhaust the remining issues in state court by January 31, 2021. (*Id.*) Based on these explanations, Rizvi has sufficiently satisfied the *Rhines* criteria. Accordingly,

**IT IS HEREBY ORDERED** that Rizvi's motion to stay, ECF No. 3, is **GRANTED.** If he has not already done so, the petitioner is directed to commence further proceedings in state court to exhaust any remaining claims within **30 days** of the date of this Order. The Court will also require the petitioner to provide a status report to the Court within **60 days** of the date of this Order advising the Court on the status of his exhaustion efforts. Failure to comply with either of these directives could result in dismissal for failure to prosecute. Once the state court proceedings have completed, the Court will screen the petition and, if necessary, direct the respondent to file a response.

Dated at Milwaukee, Wisconsin on July 20, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge